SAMUEL H. DEBBINS *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk. January 16, 19, 1891. — September 21, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Railroad — Grade Crossing — Contributory Negligence.*

In an action against a railroad company for personal injuries occasioned to the plaintiff by being run down by a locomotive engine, there was evidence that the plaintiff, intending to take an outward train, approached a station located near a level crossing of a street and the tracks; that a platform extended to the street from a waiting shed opposite the station, and the space between was planked; that he came along the street and found his train at the station on the farther track stretching partly over the crossing; that the crossing gate and the platform gates on his side of the cars were both closed; that he passed the crossing gate, which did not obstruct the sidewalk, and glanced up the inward track, but saw nothing because of steam and smoke from the engine of his train; that he proceeded to cross the inward track diagonally so as to go around the rear of his train and get upon it, and while crossing was struck by an inward train and injured; and that at the time the gateman was stand-ing in the middle of the street with his back to the plaintiff, and the bell upon the engine of the inward train was not rung or its whistle sounded. *Held,* that the plaintiff was not entitled to go to the jury.

TORT, for personal injuries occasioned to the plaintiff by being run down by the defendant's locomotive engine at the crossing at grade of its railroad and Spring Street in Boston. Trial in the Superior Court, before *Mason,* J., who ruled that upon the evidence the action could not be maintained, and ordered a verdict for the defendant; and the plaintiff alleged exceptions. The nature of the evidence appears in the opinion.

The case was argued at the bar in January, 1891, and afterwards was submitted on the briefs to all the judges.

*J. E. Cotter & C. F. Jenney,* for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.

HOLMES, J.   This is an action for personal injuries.   After the evidence was all in, the judge before whom the case was tried directed a verdict for the defendant; and the question is whether the direction was right.   The plaintiff's evidence tended to prove the following facts.   On October 22, 1888, the plaintiff came to the defendant's Spring Street Station in Boston, intending to take the twenty minutes past five afternoon train for Dedham.   He approached the station by Spring Street, moving toward the northeast.   When he reached it, he found his train already there on the farther track, and the gate across the street on his side closed.   The station was a little to his right on the farther side of the track, with a waiting shed opposite, on the plaintiff's side, the platform of which extended to Spring Street.   There was planking between the station and the shed, enabling passengers to cross the tracks on a level. The train extended across this planking, back partly across the Spring Street crossing, and the platform gates on the side of the cars nearest to the plaintiff were closed.   The plaintiff passed the gate on the sidewalk, which was not obstructed by it, and began to cross the nearer track diagonally on the line of Spring Street, intending to go round the rear of the train and to get upon it.   While crossing, he was struck by another train coming in from Dedham.   According to his own testimony, before crossing he glanced up the track toward Dedham, but saw nothing, there being much steam and smoke from the engine of his train hanging over the track between the station and the shed.   The engine which struck him had no head-light, and it was getting toward dusk; but the plaintiff's evidence would not warrant the conclusion that the approaching train could not have been seen if the smoke had not concealed it.   There was evidence that the train which ran the plaintiff down was not ringing its bell or sounding its whistle.   The gateman was standing in the middle of the highway, with his back to the plaintiff; but we see nothing favorable to the plaintiff in this fact.

As there is considerable difference of opinion among the

members of the court, we shall not discuss this case further than to say that, in the opinion of a majority, if the provisions of the Pub. Sts. c. 112, § 213, apply, — which we do not decide, — the plaintiff was guilty of gross or wilful negligence within the exemption of that section. If he had been merely a traveller on the highway and had undertaken to cross the track while the gate was closed, knowing it to be so, he would have taken the risk of the consequences. We express no opinion as to the defendant's contention that he would have been a wrongdoer. But the case would not have been distinguishable from *Granger* v. *Boston & Albany Railroad,* 146 Mass. 276.

However, we assume in favor of the plaintiff that he had a right to enter the station and to get upon the nearer platform in order to take a train, notwithstanding the fact that the gate was closed, and that if, when within the gate, he attempted to cross the track, he did not do so absolutely at his own risk. But he did so having the warning which but for the special exigency would throw the risk upon him. The only way in which he could get rid of taking the risk was by using all the precautions which the circumstances would permit, and which would occur to a prudent man. One of these was to stop and look if the smoke over the nearest track was so dense that he could not see whether there was an engine approaching. *Fletcher* v. *Fitchburg Railroad,* 149 Mass. 127, 134. He was warned that that track as well as the other might be specially dangerous at that moment. He was not acting under any excitement which might have excused a misjudgment, as in *Copley* v. *New Haven & Northampton Co.* 136 Mass. 6. He elected to go forward on the strength of a glance, when the train was so close upon him as to run him down before he could cross the track.

The distinction between negligence and gross or wilful negligence is a distinction of degree, and therefore of course the latter cannot be defined once for all. But the same thing is true of the distinction between negligence and intent, in ordinary cases. Yet the distinction exists, and may make the difference between manslaughter and murder. *White* v. *Duggan,* 140 Mass. 18, 20. *Commonwealth* v. *Pierce,* 138 Mass. 165, 178. It seems to us that the negligence of the plaintiff in the present case was of the higher degree. In *Wheelock* v. *Boston & Albany*

*Railroad*, 105 Mass. 203, the train which ran the plaintiff down was running at unusual speed, and there was thought to be some evidence of an invitation to him to cross the track as he did. But here the defendant hardly can be said to have invited the plaintiff to cross the track, seeing that its only act was to shut the gate in his face.                    *Exceptions overruled.*