JAMES L. KENNY *vs.* BOSTON AND MAINE RAILROAD.
ANNIE SAUNDERS *vs.* SAME.

Suffolk.    January 17, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Railroad*, Liability under Pub. Sts. c. 112, § 213.    *Negligence*, Gross.

In an action against a railroad company under Pub. Sts. c. 112, § 213, for injuries at a railroad crossing to which neglect of the defendant to give the signals required by law contributed, the burden of showing gross negligence on the part of the plaintiff is upon the defendant, and it does not establish this defence that the plaintiff has not shown affirmatively that he was in the exercise of due care, or that the defendant has introduced evidence on which the jury would be warranted in finding that the plaintiff was guilty of gross negligence, unless they have found so.

TWO ACTIONS OF TORT under Pub. Sts. c. 112, § 213, (R. L. c. 111, § 268,) for injuries to the respective plaintiffs at a railroad crossing of the defendant alleged to have been caused by neglect of the defendant to give the signals required by law. Writs dated December 17, 1901.

In the Superior Court the cases were tried together before *Holmes*, J., who refused to rule that the plaintiffs could not recover, and submitted the cases to the jury. The jury returned verdicts for the plaintiffs, for James L. Kenny in the sum of

$2,600, and for Annie Saunders in the sum of $1,300. The defendant alleged exceptions in each case.

*A. R. Tisdale,* for the defendant.

*W. T. A. Fitzgerald,* (*M. L. Jennings* with him,) for the plaintiffs.

LORING, J. The only question raised in these two cases is whether the plaintiffs were as matter of law guilty of gross or wilful negligence within Pub. Sts. c. 112, § 213.

We are of opinion that these cases are like *Brusseau* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 84, and not like the cases of *Debbins* v. *Old Colony Railroad,* 154 Mass. 402, and *Emery* v. *Boston & Maine Railroad,* 173 Mass. 136.

In this case the two plaintiffs, James Kenny and Annie Saunders, were walking down Webster Street in East Boston, across the railroad tracks which are laid over that street at grade. There are ten tracks at this crossing, with gates at each end. These gates are one hundred and forty feet distant one from the other. The gates are operated from a gateman's shanty between the fifth and sixth tracks, that is, about the middle of the crossing. The two gates are worked by separate cranks. Both plaintiffs were familiar with the place. When they came on to the crossing the gates were up. They were then walking on the right hand side of the street. On their right there was a "string of cars" standing on the second track. When they passed the northwesterly gate Kenny looked to the left and saw that the tracks were clear. When Kenny reached the first rail of the second track he looked to the right. On Kenny's right there was in fact a shifting engine on the fourth track then standing still, not seen by Kenny because it was behind the "string of cars" on the second track already spoken of. When Mrs. Saunders, the other plaintiff, reached the second rail of this second track she looked to the right and saw this engine. From the second track the two plaintiffs walked along, side by side, in a diagonal direction to reach the other side of Webster Street, for some thirty or thirty-five feet, talking together, when they were struck by this shifting engine on the fourth track, which had started up without (so the jury were warranted by the evidence in finding) the bell being rung or the whistle being sounded. When about to cross the third

track Kenny again had looked to the left. He did not remember whether he listened or not. When struck, Mrs. Saunders was on the first, and Kenny on the second, rail of the fourth track. Both plaintiffs heard the rumbling of the engine just as they were hit.

A witness called by the plaintiffs testified that the engine started up when the plaintiffs were between the second and third tracks, and that the "engine was going at a pretty high rate [of speed] for a crossing." He also testified that the gateman got the gates down just as Kenny was struck. The plaintiffs, or one of them, admitted that the gateman was known to them to be old and crippled, and had difficulty with the gates; also that very often engines have come over the crossing when both gates were up. The plaintiff Mrs. Saunders, who saw the engine standing still, testified that it was then "half way between Marginal and Webster Streets, but a little nearer Webster Street." (These streets are two hundred and forty feet apart.) But the witness called by the plaintiffs hereinbefore referred to testified that while the engine was standing still it was "about an engine length from the south sidewalk of Webster Street."

The defendant's argument in support of its contention that the plaintiffs were guilty of gross or wilful negligence as matter of law is in substance that the plaintiffs were familiar with the crossing, the day was clear and bright, and they knew no reliance could be placed on the gates being up; that engines went over the crossing when both gates were up; that the engine made a rumbling sound for a considerable distance, and yet they kept on for thirty or thirty-five feet, engaged in conversation, — Mrs. Saunders, after she discovered the presence of the shifting engine, without looking to the right or left, and Kenny without looking again to the right; and he does not remember whether he listened for a train or not; that the gateman was lowering the gates in plain view of the plaintiffs, and that the engine started up when the plaintiffs were about twenty-five feet away from the point of collision.

Most of these facts must be taken to have been made out by the defendant. The burden of proving gross or wilful negligence is on the defendant. *McDonald* v. *New York Central &*

*Hudson River Railroad*, 186 Mass. 474. *Walsh* v. *Boston & Maine Railroad*, 171 Mass. 52. *Sullivan* v. *New York, New Haven, & Hartford Railroad*, 154 Mass. 524. *Copley* v. *New Haven & Northampton Co.* 136 Mass. 6. That fact makes a difference. For example, the exceptions state that Mrs. Saunders testified that "after she saw the engine, she walked right along for thirty feet, and knew nothing more till she heard a rumbling noise and got hit." That does not warrant the defendant who has the burden of proof in this connection in arguing that the jury were bound to find as matter of law that Mrs. Saunders "kept on . . . not looking to the right or the left." The jury would be warranted in so finding, but that is a different matter. Again, the jury were not bound to find that the engine started up when the plaintiffs were about twenty-five feet away from the point of collision. One witness testified that they were between the second and third rails when the engine started, but he also testified that the engine, when standing still, was only an engine length from Webster Street, and that it came "at a pretty high rate" of speed.

Assuming the other facts relied on by the defendant, we are of opinion that however it might have been had the plaintiffs had the burden of proving that they were in the exercise of ordinary care, it cannot be said that the defendant as matter of law sustained the burden of proving that the plaintiffs were guilty of gross or wilful negligence.

*Exceptions overruled.*