WALTER KELSALL *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Bristol.    October 28, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Presumptions and burden of proof.    *Negligence,* Railroad.

When at a trial a party has the burden of establishing a proposition by oral testimony, the presiding judge seldom can rule as a matter of law that the proposition is proved.

At the trial of an action for personal injuries due to alleged negligence on the part of the defendant, whether certain facts relating to the conduct of someone whose conduct is material, without inferences from them, constitute negligence, is sometimes a question of law for the presiding judge, but, where such facts are being proved by evidence, important parts of which may be believed or disbelieved, or where they depend in part upon inferences of fact to be drawn from other facts, they are all for the jury to determine.

At the trial of an action under R. L. c. 111, § 268, against a railroad corporation to recover for personal injuries received by the plaintiff in a collision at a crossing with a passenger train of the defendant, alleged to be due to neglect of those in charge of the train to give the warnings prescribed by § 188 of that chapter, there was evidence warranting a finding of neglect on the part of the defendant

as alleged, but the defendant contended that the plaintiff was grossly negligent at the time of the injury and introduced, as tending to show that fact, evidence which, if the burden had been on the plaintiff to prove that he was not grossly negligent, might have been held to be sufficient for the defendant's purpose. The circumstances of the collision were described by witnesses, some of whom were contradicted and most of whom testified in such a way as to raise questions as to their credibility, and inferences of fact in determining some of the material questions were possible. *Held,* that, under the statute, the burden of proving the gross negligence of the plaintiff was on the defendant, and, the evidence being controverted, the question was for the jury.

TORT, under R. L. c. 111, § 268, to recover for personal injuries received by the plaintiff from a collision of his wagon with an engine of the defendant drawing a passenger train at a crossing of the railroad of the defendant with a highway in Fall River. Writ in the Superior Court for the county of Bristol dated December 17, 1903.

There was a trial before *White,* J., who, at the close of the evidence, refused to direct a verdict for the defendant, and the defendant excepted. The material facts are stated in the opinion.

*F. S. Hall,* for the defendant.

*J. W. Cummings,* (*C. R. Cummings* with him), for the plaintiff.

KNOWLTON, C. J. The exception in this case was to the refusal of the judge to direct a verdict for the defendant. The action is to recover for personal injuries received from a collision of the plaintiff's wagon with an engine drawing a passenger train on the defendant's road, at a crossing of a highway in Fall River.

There was testimony from which the jury might find that the defendant's servants neglected to give the signals required by the statute to be given at railroad crossings. R. L. c. 111, § 188. If there was neglect in this particular, the jury might infer that it contributed to the injury. *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386.

According to the defendant's contention, it should have been ruled upon the evidence as matter of law, that even if there was a failure to give the required statutory signals, the plaintiff was guilty of gross negligence in attempting to cross the tracks as he did. Under the R. L. c. 111, § 268, which is the section on which the plaintiff relied in presenting his case to the jury, the burden is upon the defendant to prove this proposition, if he would defeat a claim founded upon a failure to ring the bell or blow the whistle at a crossing of a highway.

In the present case there was evidence which well would have warranted the jury in finding the plaintiff guilty of gross negligence, and if the burden had been upon the plaintiff to prove that he was not grossly negligent, perhaps the court might have held that there was not sufficient evidence to justify a finding in his favor. However, we need not consider the question thus raised, for when a party has the burden of establishing a proposition by oral testimony, a court can seldom rule as a matter of law that the proposition is proved. What facts have been established by evidence is ordinarily a question for a jury. Whether certain facts in one's conduct, without inferences from them, constitute negligence, is sometimes a question of law for the court. But where such facts are being proved by evidence, important parts of which may be believed or disbelieved, or where they depend in part upon inferences of fact to be drawn from other facts, they are all for the jury. The difference between cases brought under this section of the statute and those where the question is whether a party who has the burden of proving a proposition has introduced any evidence to warrant an affirmative finding in his favor, was considered in *Brusseau* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 84, and *Kenny* v. *Boston & Maine Railroad,* 188 Mass. 127. In some cases under this statute, in which it was held that the question was rightly submitted to a jury, the distinction was not referred to in the opinion. *Sullivan* v. *New York, New Haven, & Hartford Railroad,* 154 Mass. 524. *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386. The case of *Debbins* v. *Old Colony Railroad,* 154 Mass. 402, was decided by a divided court, and in the opinion it was left undetermined whether the statute now before us (Pub. Sts. c. 112, § 213), applied to the case. It was held that, if it did, the plaintiff was guilty of gross or wilful negligence, and this decision was put upon the ground that there were conceded facts which constituted, in substance, the plaintiff's whole case, and which enabled the court to come to its conclusion as matter of law. In *Manley* v. *Boston & Maine Railroad,* 159 Mass. 493, 497, this case is referred to as one that was decided upon " undisputed facts." In like manner in *Emery* v. *Boston & Maine Railroad,* 173 Mass. 136, the decision is put almost altogether upon established facts, and it appears by the papers on

which the case was submitted that nearly all the material facts bearing upon the question of the plaintiff's care are introduced in the bill of exceptions by the words, " by uncontradicted evidence, or by agreement, it appeared that."

In the present case, while a few facts as to the location and other incidental matters are agreed, the conduct of the plaintiff and of the defendant's servants and all the occurrences at and immediately before the time of the accident appear only in the testimony of witnesses, some of whom are contradicted, and most of whom testify in such a way as to leave questions in regard to their credibility for the jury.    The testimony also opens a door for inferences of fact in determining some of the material questions.    It is far from presenting to the court the naked question of law, whether certain agreed or undisputed facts in the case establish gross or wilful negligence on the part of the plaintiff.

<em>Exceptions overruled.</em>