OTTO B. ENGLEMAN *vs.* BOSTON AND MAINE RAILROAD.

Hampshire.   October 3, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence*, Gross or wilful. *Railroad.*

In an action against a railroad corporation under St. 1906, c. 463, Part II, § 245, for personal injuries and damage to the plaintiff's horse, carriage and harness alleged to have been sustained by reason of the defendant's failure to give where its railroad crossed a highway upon the same level the signals required by Part II, § 147, of the same chapter, it was found specially, on evidence warranting such a finding, that the required signals were not given, and the defendant relied on the defense that the plaintiff was guilty of gross or wilful negligence which contributed to the injury. The plaintiff testified that, although the night was dark, he could see the way as he drove along in his buggy with a tired, gentle horse, moving no faster than a slow walk, that he knew that the highway was crossed by the railroad at grade, and that, on approaching the crossing, he looked and listened for passing trains, that he saw and heard nothing and received no warning from any bell or whistle, that he drove on the track, and then, suddenly seeing the headlight of an engine and appreciating his peril, he urged his horse forward with the whip, but that instantly the engine struck the team, injuring the plaintiff and damaging his property. *Held*, that there was evidence for the jury that the plaintiff was not guilty of gross or wilful negligence.

TORT under St. 1906, c. 463, Part II, § 245, for personal injuries and damages to the plaintiff's horse, carriage and harness alleged to have been sustained by reason of the defendant's failure to give the signals required by Part II, § 147, of the same chapter at a place where the defendant's railroad crosses upon the same level a public highway in Belchertown, on which the plain-

tiff was driving, when an engine of the defendant was driven against the plaintiff's horse and carriage, overturning them and throwing the plaintiff violently to the ground.    Writ dated May 16, 1910.

The defendant's answer consisted of a general denial.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to rule "that there was not sufficient evidence to warrant the jury in finding that the plaintiff was in the exercise of legal care." The judge refused to rule as requested, and submitted the case to the jury.

The judge also submitted to the jury the following question: "Did the defendant neglect to give the signals as required, on approaching the crossing?"    The jury answered, "Yes."

The jury returned a verdict for the plaintiff in the sum of $850; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. W. Irwin,* for the defendant.

*A. L. Green & F. F. Bennett,* for the plaintiff.

BRALEY, J.    The jury upon conflicting evidence having specially found that the signals required by St. 1906, c. 463, Part II, § 147, were not given, the defendant relies only upon the defense, that as matter of law the plaintiff was grossly or wilfully negligent.

The night was dark, but the plaintiff testified, that he could see the way as he drove along in his buggy with a tired, gentle horse moving no faster than a slow walk.    He knew that the highway crossed the railroad at grade, and on his approaching the crossing he looked and listened for passing trains, but, not seeing or hearing a train or receiving any warning from bell or whistle, he drove on to the track.    It was only after the horse had passed to the track that, suddenly seeing the headlight of the engine and realizing his peril, he urged him forward with the whip.    But instantaneously the engine struck the team, injuring the plaintiff and damaging the horse, harness and carriage.    We fail to discover in his narration of the circumstances anything tending to show a disposition to take the chance of getting safely over without regard to the movement of trains.    The plaintiff

as he came to the crossing rightfully might expect that the statutory signals would be given. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474. And, "if the signals were not sounded, the jury might infer that the absence of them caused the accident." *Lamoureux* v. *New York, New Haven, & Hartford Railroad*, 169 Mass. 338, 339.

The burden of proof rested on the defendant, and, if it be assumed that the request which was refused, " that there was not sufficient evidence to warrant the jury in finding that the plaintiff was in the exercise of legal care," raised the question argued, it was open to the jury to find on the plaintiff's testimony that his conduct was consistent with ordinary caution, or at least that he was not grossly careless. *Clark* v. *Boston & Maine Railroad*, 164 Mass. 434. *Doyle* v. *Boston & Albany Railroad*, 145 Mass. 386. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474, 479. *Brusseau* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 84. *Slattery* v. *New York, New Haven, & Hartford Railroad*, 203 Mass. 453, 459.

*Exceptions overruled.*