THOMAS J. LYDON *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Norfolk. March 5, 1920. — April 3, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Railroad. *Practice, Civil,* Requests, rulings and instructions, Judge's
charge.

At the trial of an action against a railroad corporation for personal injuries caused
by a collision between a motor car driven by the plaintiff and a locomotive of the
defendant at a grade crossing of the railroad with a highway, there was evidence
warranting a finding that negligence of the plaintiff contributed to cause the
collision, and also that it was caused by neglect of the defendant to give the
signals required by St. 1906, c. 463, Part II, § 245. The plaintiff asked that the
jury be instructed that, "if the defendant's servants neglected to give the signals
required by statute to be given at the railroad crossing, the jury might infer
that this neglect contributed to the said injuries." The request was refused,
and the jury were instructed that, if they found that the statutory signals were
not given, that fact was 'evidence of negligence, and, if that negligence con-
tributed to the injury, the plaintiff had proved his case so far as the defendant's
negligence was concerned. *Held,* that there was no error in the refusal to instruct
the jury as requested nor in the instruction given.

TORT for personal injuries received when a motor car which the
plaintiff was driving was run into by a locomotive operated by
the defendant at a grade crossing of the defendant's railroad and
Charles River Road in Needham, the declaration as amended con-
taining two counts, negligence of the defendant being alleged in
general terms in the first count to be the cause of the collision,
and the second count, alleged to be brought under St. 1906,
c. 463, Part II, § 245, setting forth as the cause of the collision
"neglect of the defendant to ring the bell or sound the whistle as
required by law." Writ dated November 8, 1916.

In the Superior Court, the action was tried before *Dana, J.*
Material evidence and exceptions saved by the plaintiff are de-
scribed in the opinion. There was a verdict for the defendant;
and the plaintiff alleged exceptions.

*F. P. Garland,* for the plaintiff.

*J. L. Hall,* for the defendant.

CARROLL, J. The plaintiff was injured at a grade crossing by reason of the collision of one of the defendant's engines and an automobile he was driving. The case was submitted to the jury on the second count of the plaintiff's amended declaration alleging that the defendant neglected to give the signal required by St. 1906, c. 463, Part II, § 245. The jury viewed the premises and found for the defendant.

The only question, raised by the plaintiff's bill of exceptions, is to the refusal of the trial judge to instruct the jury that "if the defendant's servants neglected to give the signals required by statute to be given at the railroad crossing, the jury might infer that this neglect contributed to the said injuries." The judge instructed the jury that if they found the statutory signals were not given, this fact was evidence of negligence, and if this negligence contributed to the injury, then the plaintiff has proved his case so far as the defendant's negligence is concerned. There was no error of law in refusing the plaintiff's request and the instructions given were correct.

The jury were not required to find that the failure to give the signals, if they found this to be a fact, contributed to the plaintiff's injury. There may have been other causes which brought about the accident, and the absence of the signals may have in no way contributed to it. It was a question of fact depending on all the evidence and circumstances in the case, whether the defendant was answerable for the plaintiff's injury, or contributed to it in whole or in part. The plaintiff testified that he stopped about forty-five feet away from the crossing and listened for the bell, but did not look in the direction of the approaching train. The jury saw the crossing and its approaches. It was clearly a question for them to determine on all the evidence, if they found that the signals were not given, whether this neglect or the plaintiff's own neglect contributed to the accident. It was open to them to draw the inference that the failure to give the signals had nothing to do with the accident.

In *LaFond* v. *Boston & Maine Railroad,* 208 Mass. 451, relied on by the plaintiff, it was said, "The jury could have found that the failure to give these signals contributed to the happening of the accident, even though the intestate was somewhat deaf." In *Brusseau* v. *New York, New Haven, & Hartford Railroad,* 187

Mass. 84, 86, it was stated that the inference to be drawn from the absence of the signals under the circumstances shown, was for the jury; and in *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386, the question whether the absence of the signals contributed to the accident was left to the jury, and to the same effect is *Engleman* v. *Boston & Maine Railroad,* 210 Mass. 179, 181. These cases are not inconsistent with what is here decided. The statement in *Kelsall* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 554, that if there was neglect in this particular (neglect in giving signals), the jury might infer that it contributed to the injury, did not require the judge to instruct the jury as requested by the plaintiff. The statement had reference to the facts shown in that particular case and that in view of these facts the jury were warranted in drawing the inference.

There was no error of law in refusing the request and the instructions were correct.

*Exceptions overruled.*