MARY O. MOREL, administratrix, vs. NEW YORK, NEW
HAVEN AND HARTFORD RAILROAD COMPANY.

JOSEPH DELISLE vs. SAME.

ARMOUR AND COMPANY vs. SAME.

Norfolk.   January 11, 1921. — May 24, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Law of case, Exceptions.   *Railroad,* Signals at grade crossing.
*Negligence,* Imputed, Contributory.   *Grade Crossing.*

At the trial of an action against a railroad corporation for personal injuries received
in a collision, at a grade crossing of a railroad and a highway, of a motor truck,
upon which the plaintiff was riding, with a train of the defendant, the declaration
contained two counts, the first based on a failure of the defendant to give the
statutory signals required by St. 1906, c. 463, Part II, § 147, and the second on
negligence of the defendant.   In his charge to the jury, to which no exception
was taken, the judge stated in substance that the action was based wholly on
§ 245 of the statute.   Upon exception by the plaintiff after a finding of the jury
for the defendant, it was *held,* that the action must be considered as based solely
on § 245 of the statute.

At the trial of the action above described, it appeared that the accident happened
at half past four o'clock in the afternoon of a rainy day in January and that the
plaintiff was a fellow employee of the driver of the truck and was riding with him
in the cab, " dry sitting in there," that there were windshields in front and " cur-
tains down on both sides and strapped tight" and a window in the back of the
cab with isinglass.   The plaintiff testified, " The first thing I observed when I
got on to the track, I looked on my side, then I looked on the other side, and when
I looked on the other side I saw the light of the engine and that was all," and that
he knew nothing about the operation of the truck, was unable to drive it and left
himself in the care of Morel so far as the running of the machine was concerned.
The plaintiff asked for a ruling, "Even if the jury believed that the driver of
the truck was negligent in any degree, this negligence cannot be imputed to the
plaintiff."   The ruling was refused.   *Held,* that

(1) The evidence warranted a finding that the driver of the truck " had charge
of . . . [the] person " of the plaintiff in the sense in which those words are used
in St. 1906, c. 463, Part II, § 245;

(2) The ruling properly was refused.   ·

St. 1914, c. 553, has no application to actions under St. 1906, c. 463, Part II, § 245
(now G. L. c. 160, § 232).

THREE ACTIONS OF TORT, respectively for the causing of death
of the intestate of the plaintiff in the first action, for causing per-
sonal injuries to the plaintiff in the second action and for causing

damage to the motor truck of the plaintiff in the third action in a collision, on a grade crossing of a highway with the railroad of the defendant, of a motor truck of the plaintiff in the third action driven by the intestate of the plaintiff in the first action, with whom the plaintiff in the second action was riding. ·Writs in the first and second actions dated March 16, 1917, and in the third action dated July 17, 1917.

In each action the declaration contained two counts, the first count being based upon a failure of the defendant to give the statutory signals required by St. 1906, c. 463, Part II, § 147, and the second alleging simple negligence of the defendant or its servants or agents.

In the Superior Court, the actions were tried together before ·*Dana*, J. Material evidence and requests of the plaintiff for instructions are described in the opinion. The jury found for the defendant in each action; and the plaintiffs alleged exceptions, which, after the resignation of *Dana*, J., were allowed by *Hammond*, J.

*J. F. Barry*, (*E. Carr* with him,) for the plaintiffs.

· *J. L. Hall*, for the defendant.

RUGG, C. J. These are three actions of tort founded on a collision between an automobile truck, owned by Armour and Company, driven by Conrad Morel, upon which the plaintiff Delisle was riding, and a locomotive of the defendant at a grade crossing. Morel, whose administratrix brings an action to recover for his death, was employed as chauffeur by Armour and Company to drive its truck. Delisle, who seeks to recover damages for personal injuries sustained by him, was employed by Armour and Company as helper. The action by Armour and Company is to recover damages for injury to the truck. The time of the accident was about half past four on the afternoon of a rainy day early in January.

Much evidence was introduced to the point whether the statutory signals required by St. 1906, c. 463, Part II, § 147, on the approach of every locomotive to a highway grade crossing, were given. There was evidence also regarding the conduct of Delisle and Morel just before and at the time of the collision.

No exception was taken to the charge. It stated fully and comprehensively the theory adopted by the judge upon which the case went to the jury. That theory was that the ground for re-

covery was failure to give the statutory signals required by said § 147, that the plaintiffs could not prevail unless such failure was proved by fair preponderance of the evidence, the burden in this respect resting on them, that no question of negligence of the defendant or its servants was involved, and that if such failure were proved, then there should be verdicts for each of the plaintiffs unless the defendant, upon whom the burden rested in this particular, had proved that the " accident was caused in whole or in part by the gross or wilful negligence of the chauffeur," Morel. It placed the cases wholly upon St. 1906, c. 463, Part II, § 245. They must be considered on that footing, since no exception was taken to any part of the charge. Its correctness is not before us.

The only exceptions presented on this record are to the refusal to grant two requests of the plaintiffs for instructions. In the case of Delisle an instruction was requested in these words: " Even if the jury believed that the driver of the truck was negligent in any degree, this negligence cannot be imputed to the plaintiff Delisle." This was denied rightly.

It is provided in said § 245 that a plaintiff may recover for damages caused from failure to give the statutory signals required by said § 147, " unless it is shown that, in addition to a mere want of ordinary care, the person injured or the person who had charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence . . . and that such gross or wilful negligence . . . contributed to the injury." There was ample evidence from which the jury might have found that the chauffeur, Morel, " had charge of his [the] person " of Delisle in the sense in which those words are used in the statute. The two men were riding in the cab of the auto truck, " dry sitting in there," which had windshields in front, " curtains down on both sides and strapped tight," and " in back of the cab there was a window with isinglass." Delisle also testified, " The first thing I observed when I got on to the track I looked on my side, then I looked on the other side, and when I looked on the other side I saw the light of the engine and that was all," and that he knew nothing about the operation of the truck, was unable to drive it and left himself in the care of Morel so far as the running of the machine was concerned. This with the other testimony was strong, if not conclusive, evidence that the plaintiff depended upon the care of Morel to the

extent of committing charge of his person so far as concerned his transportation in the truck and its passage over the railroad crossing to Morel.   The jury might have found from his testimony also that he exercised no adequate care for himself as and while riding on the truck he with his companion approached the crossing.   From this fact and other circumstances, the inference might have been drawn that he was depending wholly upon Morel in this matter. Upon this state of the evidence an instruction as matter of law, that negligence of Morel could under no circumstances be imputed to Delisle, could not rightly have been given.   *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309, 313.   There is nothing at variance with this conclusion in *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 266, *Griffin* v. *Hustis,* 234 Mass. 95, *Fahy* v. *Director General of Railroads,* 235 Mass. 510.

It is unnecessary to consider the relations of the parties apart from said § 245, or to determine whether, by their connection with the enterprise of their common employment, Delisle may have been affected by the conduct of Morel.

The instruction was requested in each case, with the verbal changes to render it applicable to the facts in each, to the effect that under the St. of 1914, c. 553, there is a presumption in favor of the plaintiff that he was in the exercise of due care, and the question whether the plaintiff was grossly negligent was for the jury upon all the evidence, with the burden of proof upon the defendant.   There was no error in the denial of this requested ruling. The so called due care statute, to which reference is made in the request, has no application to actions for injuries caused by failure to give the statutory signals required from those in charge of locomotives at grade crossings.   In such cases the plaintiff has no burden of proving his own due care.   The construction has been uniformly placed upon said § 245 from its first appearance as St. 1871, c. 352, to the present, that it wholly relieves the plaintiff from proving his own due care and at the same time imposes upon the defendant the heavy burden of proving the gross negligence of the plaintiff or of the one having charge of his person as an affirmative defence.   *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 381, and cases there collected.   *Hamblin* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 555, 558.   *Sponatski's Case,* 220 Mass. 526, 530.   *Engleman* v. *Boston & Maine Railroad,* 210

Mass. 179.   *Copley* v. *New Haven & Northampton Co.* 136 Mass. 6, 10.   Adequate instruction was given as to the meaning of gross negligence and the burden of its proof resting on the defendant.

Manifestly Armour and Company, the owner of the truck and the employer of Morel, and the administratrix of the estate of Morel could not recover if the latter were found to have been guilty of gross negligence contributing to the damage or injury. There is strong ground for the contention that upon the testimony of Delisle he as matter of law committed the charge of his person to Morel under said § 245.   *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, 406.   *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558, 563.   That point, however, is not raised because the requests for rulings rightly were refused for reasons already stated, and no exception was taken to the charge upon this point.

*Exceptions overruled in each case.*