JOHN S. TAZZINI *vs.* BOSTON AND MAINE RAILROAD.

Hampden.    September 17, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Violation of statute. *Wilful, Wanton or Reckless Misconduct.*
*Railroad*, Grade crossing.

The driver of a motor truck, who drove it upon a private grade crossing of a railroad, either knowing that the presence of another truck in front of him would require him to stop before his truck had cleared the track or, if not knowing of such obstruction until he was required to stop on the track, without ascertaining the difficulty before placing himself in such place of danger, must be found to have violated the provisions of G. L. c. 90, § 15, requiring that everyone operating a motor vehicle upon approaching a railroad crossing at grade "shall proceed cautiously over the crossing," and cannot recover in an action of tort against the railroad corporation for damages resulting from the truck's being struck by a train of the defendant not operated with wilful, wanton or reckless misconduct.

Testimony by the plaintiff in such an action that he did not know that "any part of . . . [his] truck was over the track" did not constitute evidence warranting a finding for the plaintiff: the plaintiff's violation of the statute was in not taking the necessary precautions to remove his vehicle from a place of peril and in failing to use proper precautions to prevent such a situation.

Evidence that the truck was struck by a backing train of the defendant because the conductor, standing on the rear car, signalled the engineer to stop when about one hundred fifty feet from the plaintiff's truck, but because of a curve in the track the signals thus given were not seen by the engineer or by a brakeman who was standing on one of the cars near the engine, would not warrant a finding of wilful, wanton or reckless misconduct on the part of any employee of the defendant.

TORT for personal injuries and damage to the plaintiff's motor truck. Writ dated September 6, 1928.

In the Superior Court, the action was tried before *Dillon*,

J. Material evidence is described in the opinion. A verdict for the plaintiff in the sum of $12,000 was recorded with leave reserved under G. L. c. 231, § 120. Thereafter the judge ordered the entry of a verdict for the defendant. The plaintiff alleged exceptions.

*E. M. McCarthy*, for the plaintiff.

*C. W. Bosworth*, for the defendant.

CARROLL, J. The plaintiff was injured and the motor truck which he was operating was damaged while he was on a private grade crossing extending over a loop track running from the main line into the East Deerfield yards of the defendant. A train of twenty-five freight cars which was being backed toward the crossing struck the "rear right hand corner" of the plaintiff's truck. There was a verdict for the plaintiff. Under leave reserved a verdict was ordered entered for the defendant. The plaintiff excepted.

It appeared that the conductor of the freight train was standing on the top of the rear car as the train backed toward the crossing and he signalled the engineer to stop when about one hundred fifty feet from the plaintiff's truck; that because of the curve in the track the signals given by the conductor were not seen by the engineer or by the brakeman who was standing on one of the cars near the engine. The plaintiff testified, in substance, that his truck was carrying a load of broken stones weighing between eight and nine tons; that he was on his way to the scales to have his truck and load weighed; that when about a foot from the track he stopped and looked to see if any train was coming; that the track was clear, he heard no bell or whistle, and then he "went ahead and . . . stopped about a foot from the wall." He also testified that when crossing the track he was looking and listening and did not see any train or hear any signals; that as he drove over the crossing he saw two trucks under the crusher; that he did not know whether "there was space for . . . [his] truck between the track and the wall . . . [he] couldn't say whether there was space in there or not . . . [he] didn't know whether there was room or wasn't room for the truck between the wall and the track over which the train came . . . [he]

couldn't go ahead. If . . . [he] turned . . . [his] wheel and had . . . [his] truck straightened out on the scale . . . [he] could go into the tunnel . . . . As . . . [he] drove up . . . [he] couldn't go in . . . because there was a post there"; that he "had come to a stop when . . . struck by the train. Almost instantly after . . . [he] stopped . . . [he] was struck"; that he "couldn't say that any part of . . . [his] truck was over the track when . . . [he] came to a stop . . . [he] didn't know that any part of . . . [his] truck was over the track." It appeared that the plaintiff was familiar with the location and "had been there about twelve times a day on the average for three or four weeks."

As we construe the testimony in the light most favorable to the plaintiff, the presence of the two trucks under the crusher or upon the scales prevented him from driving onto the scales. Because of this his truck was held against the wall and it became necessary for him to back in order to reach the scales. At this time the rear of his truck was on the tracks, and when the collision occurred, it was not moving but standing on the railroad track.

The action is at common law. Under the reservation in the conveyance to the Boston and Maine Railroad and in the subsequent conveyances, we assume that the plaintiff had the right to use the crossing in carrying broken stone in his motor truck. G. L. c. 90, § 15, provides that everyone operating a motor vehicle upon approaching a railroad crossing at grade "shall proceed cautiously over the crossing." This statute applies to the crossing in question. The statute is penal imposing a fine upon any one violating it. It has been under consideration in *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101, *Jones* v. *New York, New Haven & Hartford Railroad,* 275 Mass. 139, and *Anthony* v. *Boston & Maine Railroad,* 276 Mass. 392.

The burden was on the plaintiff to show that he proceeded cautiously over the crossing. *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101. See *Jones* v. *Andover,* 10 Allen, 18. According to his own tes-

timony he was not moving when the collision happened, and the evidence showed that the rear part of his truck was on the railroad tracks directly in the path of an approaching train. To remain in this situation as the plaintiff did was not proceeding "cautiously over the crossing"; it was a violation of the statute and bars his recovery. His conduct in acting as he did was not a mere condition: it was an illegal act contributing to his injury and causing it. *Bourne* v. *Whitman,* 209 Mass. 155. *Jones* v. *New York, New Haven & Hartford Railroad,* 275 Mass. 139. If he knew that for any reason he would be prevented from clearing the crossing, that because of the presence of the other truck he would be required to stop at the wall, he was not proceeding cautiously and was failing to observe the statute. If he did not know of the obstruction to crossing the tracks until he was in the place of danger, he was acting in violation of the statute: he was not using the degree of caution required by the law, for it was his duty in the circumstances to ascertain the difficulty before placing himself in this place of danger.

The plaintiff also testified that he did not know that "any part of . . . [his] truck was over the track." He is not excused by not knowing that his truck was on the railroad tracks. He violated the statute in not taking the necessary precautions to remove his vehicle from a place of peril, and he also violated it by failing to use proper precautions to prevent such a situation.

Assuming, without deciding, that the statute does not bar recovery if the defendant was guilty of wilful, wanton and reckless misconduct, there was no evidence of such misconduct on the part of the agents of the defendant. *Washburn* v. *Union Freight Railroad,* 247 Mass. 414.

*Exceptions overruled.*