SAMUEL KLEGERMAN *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Middlesex.   March 4, 1935. — March 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Negligence*, Grade crossing, Violation of statute. *Evidence*, Presumptions and burden of proof.

At the trial of an action at common law against a railroad corporation for injury sustained through negligence of the defendant causing a collision between a train and a motor vehicle operated by the plaintiff at a grade crossing, the burden is on the plaintiff to show that no violation by him of G. L. (Ter. Ed.) c. 90, § 15, contributed to his injury.

At the trial of an action against a railroad corporation under G. L. (Ter. Ed.) c. 160, §§ 138, 232, the burden of proving that a violation by the plaintiff of G. L. (Ter. Ed.) c. 90, § 15, contributed to his injury is on the defendant.

Where, at the trial of an action against a railroad corporation for injury sustained through a collision between a train and a motor vehicle operated by the plaintiff at a grade crossing where the highway and the railroad tracks intersected at a sharp angle and an embankment partially obstructed the plaintiff's view to his left, from which the train approached, the evidence in its aspect most favorable to the plaintiff showed that he was familiar with the crossing; that he did not see nor hear the train until it came around the embankment and struck the vehicle at the farther side of the tracks; that before driving the vehicle onto the tracks, he stopped it and looked and listened at a point from twelve to fifteen feet from the tracks, at which point he could see to his left nearly four hundred feet; but that if he had stopped at some point from two to eight feet from the tracks he could have seen to his left nine hundred feet, the farther five hundred twenty-four feet "being a curve away from" him "around the embankment," it was *held*, that such evidence as a matter of law required a finding that the plaintiff did not "proceed cautiously over the crossing," as required by G. L. (Ter. Ed.) c. 90, § 15; and that he was precluded from recovery by his violation of that statute.

Such finding was required although the jury took a view.

TORT.   Writ dated February 18, 1932.

The action was tried in the Superior Court before *Qua*, J. Material evidence, special questions to the jury, and the answers thereto are described in the opinion. Subject to leave reserved, verdicts for the plaintiff, each in the sum of $3,904, were recorded on the two counts of the declaration submitted to the jury. Thereafter the judge ordered entered a verdict for the defendant on each count. The plaintiff alleged exceptions.

*R. B. Walsh*, for the plaintiff.

*A. W. Blackman*, for the defendant.

RUGG, C.J.   This is an action of tort brought to recover compensation for personal injuries and property damages alleged to have been caused to the plaintiff at a grade crossing through the fault of the defendant. There were two counts in the declaration as submitted to the jury, one at common law for negligence and one under the special provisions of G. L. (Ter. Ed.) c. 160, §§ 138, 232, for failure to give the statutory signals of sounding a whistle

and ringing a bell on a locomotive engine before crossing a public way. There was no dispute that the plaintiff was injured by collision between his truck driven by himself and a locomotive engine operated by the defendant upon its railroad on a public highway crossing the railroad at grade. There was evidence in its aspect most favorable to the plaintiff tending to show these facts: At about half past three o'clock in the afternoon of December 9, 1931, when the "weather was clear, cold and still, except that it was snowing slightly," the plaintiff, a pedler carrying groceries, was operating his automobile truck, which had an enclosed cab with windows capable of being opened at the right and left of the driver's seat; he was alone and was familiar with the crossing, having operated a regular route over it for some years; he knew that he was protected by an electric bell on the crossing designed to ring and warn travellers of the approach of trains, that it was a single track line and that no regular train was due at the time of the accident. The railroad track and the highway intersected at a sharp angle. To the left of the plaintiff as he neared the crossing was an embankment or cut covered with trees and bushes, which partially hid the track from view and around which the track curved to the left. When one on the highway was five feet back from the center line of the crossing, he was two feet from the nearer rail; when ten feet back, four feet; when fifteen feet back, six feet; when twenty feet back, eight feet; when twenty-five feet back, ten feet; and when thirty feet back, thirteen feet from that rail. The plaintiff stopped thirty to thirty-five feet back from the center of the crossing, or twelve or fifteen feet from the nearer rail, where it was possible for him to see to his left (from which the train came) three hundred seventy-six feet from the crossing. On the track at the center of the crossing, it is possible to see nine hundred feet down the track to the left, and at five, ten, fifteen and twenty feet back from that center, it is possible to see nine hundred feet down the track to the left, "the farther end of this sight, or the farthest five hundred twenty-four feet thereof, however, being a curve away from the ob-

server around the embankment or cut." When the plaintiff stopped, he opened the side window of his truck, leaned out, looked in both directions on the track, listened, and neither saw nor heard a train and did not hear any engine whistle or· bell, and the electric warning bell on the crossing was not ringing; then he put his truck in low gear and proceeded to cross at a speed of about fifteen miles per hour; then he looked again but neither saw nor heard a train. The highway has a slight grade down to the track and a moderate ascending grade on the other side. When seven tenths or three fourths of the plaintiff's truck was across the track, the train came from the left around the curve, past the embankment, and struck the rear of the truck, threw the plaintiff out and demolished the truck. The plaintiff testified "that from the time he started up from the place where he stopped up until the truck was struck about two seconds elapsed; that as he got on the track he could have seen far enough if he looked; that he looked to the left a second time when he got on the track and did not see any train; that he could have seen around the curve several hundred feet; that the snow did not prevent him from seeing the train; and that he could have seen the train if he had looked when he was on the track, seven hundred to eight hundred feet away." There was evidence of statements made by one, since deceased but then in a position where he could have heard the locomotive whistle and the electric bell on the crossing, that he did not hear the whistle and that the electric bell did not ring. There was evidence that the train was an extra of thirteen cars and a caboose, and not a regularly scheduled freight train, and that when it came to a stop the locomotive was about a thousand feet, and the rear car seven hundred feet, from the crossing. The only testimony as to the speed of the train came from the locomotive engineer of the defendant to the effect that it was travelling about thirty-five miles per hour.

Certain questions were submitted to the jury and were answered as follows: (1) that the defendant did not give the signals required by the statute, (2) that this neglect

contributed to the plaintiff's injury, (3) that the plaintiff at the time of the collision was not guilty of gross negligence, and (4) that he reduced the speed of his vehicle to a reasonable and proper rate and proceeded cautiously over the crossing. The case was submitted to the jury under leave reserved to enter a verdict for the defendant. The jury returned a verdict for the plaintiff on both counts of the declaration submitted to them, and assessed damages in a substantial sum. Subsequently, upon motion and after hearing, it was ordered under the leave reserved, (1) that verdict be entered for the defendant on the count for negligence, (2) that the answer to the question whether the plaintiff reduced the speed of his vehicle to a reasonable and proper rate and proceeded cautiously over the crossing ought to have been "no" instead of "yes" and that it be so entered, and (3) that accordingly the verdict on the remaining count be entered for the defendant. The trial judge added to his order this: "Violation of G. L. c. 90, § 15, is a defence and burden of proof on plaintiff as to the common law count as well as the statutory count. *Tazzini* v. *B. & M. R.R.*, 277 Mass. 108."

The pertinent statutes are these: G. L. (Ter. Ed.) c. 90, § 15; which provides that "Every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing. Whoever violates any provision of this section shall be punished by a fine . . ."; G. L. (Ter. Ed.) c. 160, § 138, which provides that a steam whistle and bell shall be placed upon every locomotive engine passing on a railroad and that the whistle shall be sounded and the bell rung as there specified before such locomotive engine crosses a public way upon the same level; and G. L. (Ter. Ed.) c. 160, § 232, wherein it is provided that "If a person is injured in his person or property by collision with the engines or cars . . . of a railroad corporation at a crossing such as is described in" § 138 and "it appears that the corporation neglected to give the signals required by said section . . . and that such neglect contributed to the injury, the cor-

poration shall be liable for all damages caused by the collision . . . unless it is shown that, in addition to a mere want of ordinary care, the person injured . . . was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury." The evidence warranted the finding that the defendant failed to give the signals required by G. L. (Ter. Ed.) c. 160, § 138. *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 457, 458, 459.

The primary question for determination is whether on the evidence most favorable to the plaintiff (which has already been narrated) the trial judge was right in directing the entry of verdicts for the defendant on the ground that the plaintiff violated G. L. (Ter. Ed.) c. 90, § 15, in that he did not reduce the speed of his vehicle to a reasonable and proper rate and proceed cautiously over the crossing and that the jury were not warranted in finding that he did.

In view of the addition already quoted made by the trial judge to his order for the entry of verdicts for the defendant, it seems necessary to refer to the burden of proof. In an action at common law for recovery of compensation for personal injuries caused by negligence of the defendant, the burden of proof is upon the plaintiff to show that no illegal act of his contributed to his injury. The law on the civil side will not aid one violating the criminal law in seeking to recover damages arising in whole or in part from the consequences of his own transgression. *Bourne* v. *Whitman,* 209 Mass. 155, 167. *Patrican* v. *Garvey,* 287 Mass. 62. The action of *Tazzini* v. *Boston & Maine Railroad,* 277 Mass. 108, was at common law and not under G. L. c. 160, §§ 232, 138. The injury of that plaintiff was received at a private railroad crossing at grade. There were no allegations to show that the requirement of § 138 as to ringing a bell and sounding a whistle applied. Therefore the burden of proof was upon the plaintiff to show that his unlawful conduct did not contribute to his injury. It was held that the plaintiff could not recover. The same prin-

ciple of law was declared in *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139, which also was an action at common law. It follows that as to the common law count the burden of proof was on the plaintiff to show that no violation of G. L. (Ter. Ed.) c. 90, § 15, on his part contributed to his injury.

The provisions of what is now G. L. (Ter. Ed.) c. 160, §§ 232, 138, have been in effect since the enactment of St. 1871, c. 352. In actions under that section for damages sustained at a grade crossing, where failure to give the statutory· signals by the railroad was a contributing factor, it has been uniformly held that gross or wilful negligence of the person injured as a contributing factor was an affirmative defence the burden of proving which rested on the railroad corporation. *Copley* v. *New Haven & Northampton Co.* 136 Mass. 6, 10. *Sullivan* v. *New York, New Haven & Hartford Railroad*, 154 Mass. 524, 527–528. *Manley* v. *Boston & Maine Railroad*, 159 Mass. 493, 496–497. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474. *Brusseau* v. *New York, New Haven & Hartford Railroad*, 187 Mass. 84, 85. *Hamblin* v. *New York, New Haven & Hartford Railroad*, 195 Mass. 555, 558. *Slattery* v. *New York, New Haven & Hartford Railroad*, 203 Mass. 453, 459. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 381. *Morel* v. *New York, New Haven & Hartford Railroad*, 238 Mass. 392, 395. The defence that the person injured "was acting in violation of the law" and that such "unlawful act" was a cause contributing to his injury stands on the same footing in the statute as does his "gross or wilful negligence." They are coupled together in the same sentence. The same rule of law as to burden of proof applies to both. The defence that the person injured was acting in violation of law and that such unlawful act contributed to his injury has not arisen so frequently in our decisions as that of gross negligence of such person. There is no inconsistency in our decisions on that part of the statute. It often has been held as matter of law that the defence of such illegal act of the person injured contributing to his injury was made out. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 146–158.

*Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529, 533. *O'Meara* v. *Boston & Maine Railroad*, 277 Mass. 315. There are decisions where the defence has been held not to have been made out. *Eisenhauer* v. *Boston & Maine Railroad*, 285 Mass. 439, 445. In *Anthony* v. *Boston & Maine Railroad*, 276 Mass. 392, the actions were under G. L. (Ter. Ed.) c. 160, §§ 232, 138, but it was held that the evidence showed as matter of law that the driver of the motor vehicle was violating G. L. (Ter. Ed.) c. 90, § 15, and that such unlawful act contributed to his injury. Therefore he could not recover. The pleadings of the plaintiff in *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101, *Carcione* v. *Boston, Revere Beach & Lynn Railroad*, 278 Mass. 357, and *Gaboriault* v. *New York, New Haven & Hartford Railroad*, 289 Mass. 36, each contained a count under G. L. (Ter. Ed.) c. 160, §§ 232, 138. Each case was decided in favor of the defendant because it was held that as matter of law on the evidence the plaintiff was violating G. L. (Ter. Ed.) c. 90, § 15. Each decision was unquestionably right. The opinion in each of those cases, however, contains the statement that the burden of proof of compliance with said § 15 was on the plaintiff. That remark was not necessary to the decision in any of those cases. It was an inadvertent *dictum* in each case and must be disregarded. Where a question of fact is presented on this aspect of a case, the burden of proof of showing that the plaintiff was acting in violation of law and that such unlawful act contributed to his injury is upon the defendant. It follows that the ruling of law in the order for entry of verdicts under leave reserved, to the effect that the burden of proof of showing that the plaintiff did not violate G. L. (Ter. Ed.) c. 90, § 15, in the common law action was on the plaintiff, was right; but that the ruling that the same burden of proof rested on the plaintiff in the action under G. L. (Ter. Ed.) c. 160, §§ 232, 138, was erroneous. That error, however, did not affect the soundness of the entry of verdict for the defendant on each count.

The evidence already narrated shows that the plaintiff in operating his motor vehicle violated the provisions of G. L. (Ter. Ed.) c. 90, § 15. The driver of a motor vehicle has

such complete control of its operation that ordinarily he can stop it before crossing a railroad at grade at a point near enough to afford him a comprehensive view of the tracks. The plaintiff was familiar with this crossing. It is manifest that by stopping after approaching closer to the tracks he could without danger to himself have had a more extended view and would have had a shorter distance to travel to get on the other side and would have been able to avoid injury. In view of the universally known perils of a railroad crossing, the plaintiff did not proceed cautiously over the crossing. He was therefore precluded from recovery on the established facts. This is decisive against the plaintiff on both counts of his declaration. The circumstance that the jury took a view does not alter this result. *Tully* v. *Fitchburg Railroad*, 134 Mass. 499, 503. The case at bar is governed on the point that as matter of law the plaintiff was violating G. L. (Ter. Ed.) c. 90, § 15, by *Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529, 533, *O'Meara* v. *Boston & Maine Railroad*, 277 Mass. 315, and *Anthony* v. *Boston & Maine Railroad*, 276 Mass. 392, as well as by other cases herein cited. There was no error in the orders entered by the trial judge.

*Exceptions overruled.*