BERTHA LINCOLN *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

PETER LINCOLN *vs.* SAME.

MARIE DE NERVEAUD DUN & another *vs.* SAME.

Bristol. May 20, 1935. — May 22, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Grade crossing, Contributory, Violation of statute. *Evidence*, Presumptions and burden of proof.

At the trial of an action against a railroad corporation under G. L. (Ter. Ed.) c. 160, §§ 232, 138, the burden of proving that the plaintiff was guilty of a violation of c. 90, § 15, is on the defendant.

A finding that the operator of an automobile struck by a freight train at a grade crossing of railroad tracks and a public way was guilty of contributory negligence or of a violation of G. L. (Ter. Ed.) c. 90,

§ 15, was not required as a matter of law on evidence that as he approached the crossing he saw the train, headed away from the crossing, standing still near it; and that the train, without the statutory signals having been given, started to move backward over the crossing when the automobile was so near it that the operator did not have a reasonable opportunity to stop the automobile before it was struck.

THREE ACTIONS OF TORT. Writs in the first two actions dated June 24, 1931, and in the third action July 2, 1931.

The actions were tried together in the Superior Court before *Greenhalge*, J. Material evidence is stated in the opinion. Subject to leave reserved, verdicts for the plaintiffs in the sums, respectively, of $1,400, $200, and $450 were recorded. Thereafter the judge ordered entered verdicts for the defendant. The plaintiffs alleged exceptions.

*W. Patten*, for the plaintiffs.

*Joseph Wentworth*, for the defendant.

RUGG, C.J. These are actions of tort to recover compensation for personal injuries and property damage alleged to have been caused to the several plaintiffs at a grade crossing. There are two counts in each declaration, one at common law for negligence of the defendant and one under the special provisions of G. L. (Ter. Ed.) c. 160, §§ 138, 232, for failure to give the statutory signals on a locomotive engine before crossing a public way. The accident occurred at a grade crossing of a single track of the railroad with a highway. The evidence in general tended to show that a freight train of the defendant about six hundred feet in length was at the time of the collision backing over the crossing and that the automobile in which two of the plaintiffs were riding was struck by the caboose on the rear of the train. The testimony of the driver of the automobile was, in substance, that as she approached the crossing she saw the back of a train standing still, "First it was still, going the other direction . . . . I slowed down and then it began to move and I put on the brakes . . . . It was standing still when I saw it first"; that she did not know as she approached the crossing that the freight train was backing toward it; that when she first saw the train move back she would say that she was a safe distance from it; she sup-

posed it moved backward with a jerk; she could not see any locomotive; she had no memory how the train moved and had no memory of being hit or going to the hospital. She estimated the distance from the track when she first saw the train at between forty and forty-five feet; she was driving the automobile at the rate of fifteen miles per hour and "could stop the car in pretty near its own length." Another witness testified that when the driver was putting on the brakes, the automobile was about fifteen feet from the crossing, "closer rather than further," and that the train was backing toward the crossing. There was evidence sufficient to support a finding that the statutory signals were not given before the train began to cross the highway. *Slattery* v. *New York, New Haven & Hartford Railroad*, 203 Mass. 453, 457–459. *Hough* v. *Boston Elevated Railway*, 262 Mass. 91–94. Much of this testimony was contradicted but the plaintiffs are entitled to have the evidence considered in its aspect most favorable to them.

Upon the testimony already narrated we think it could not rightly have been ruled as matter of law either that the driver of the automobile was negligent or that she was violating G. L. (Ter. Ed.) c. 90, § 15, in failing upon approaching a railroad crossing at grade to reduce the speed of the vehicle to a reasonable and proper rate and to proceed cautiously over the crossing. The burden of proof was upon the defendant to prove either the contributory negligence of the driver of the automobile, G. L. (Ter. Ed.) c. 231, § 85, or her violation of the statute G. L. (Ter. Ed.) c. 90, § 15. *Klegerman* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 268, 275. There are numerous cases where it has been held that the defence of a violation of statute in the operation of a motor vehicle approaching a grade crossing has been made out as matter of law. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137. *Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529. *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101. *O'Meara* v. *Boston & Maine Railroad*, 277 Mass. 315. *Carcione* v. *Boston, Revere Beach & Lynn Railroad*, 278 Mass. 357. *Gaboriault* v. *New York, New Haven &*

*Hartford Railroad,* 289 Mass. 36. *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268, 274–275. In each of those cases the driver of a motor vehicle approached and went upon the railroad crossing in plain view of an oncoming train. In the case at bar there was a single track of the railroad; it might have been found that the train was standing still at the time the driver of the automobile came in sight of it and first saw it, that it was headed in the opposite direction from the crossing, that the ordinarily prudent person might infer that if it was to move it would move forward away from the crossing and that it actually began to move backward when she was so near the crossing that it might have been found that she had no reasonable opportunity to stop her automobile.

The plaintiffs' exceptions are sustained, the verdicts originally returned by the jury are to stand, and judgment is to be entered in each case on such verdict. *Kaminski* v. *Fournier,* 235 Mass. 51, 55.

<div align="right">

*So ordered.*