HARRY K. COPITHORN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   January 9, 1941. — June 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, COX, & RONAN, JJ.

*Evidence,* Of speed, Competency, Presumptions and burden of proof. *Negligence,* Grade crossing, Violation of law. *Practice, Civil,* Requests, rulings and instructions.

The operator of an automobile struck by a railroad train on a public grade crossing, who testified that he had driven an automobile over two hundred thousand miles, that the train was about seventy-five feet from him when he first saw it, and that he could "see it now," properly was permitted to give his opinion as to its speed "from the way it looked" to him at the time of the accident although he had not made an estimate of its speed at that time.

The burden was upon a railroad corporation, defendant in an action at common law by the operator of an automobile struck upon a public grade crossing, of proving that the plaintiff violated a statute requiring him, upon passing a warning signal at the crossing, to make a certain reduction in the speed of the automobile.

On the evidence at the trial of an action at common law by the operator of an automobile against a railroad corporation for injuries sustained in a collision alleged to have been caused by negligence of the defendant at a public grade crossing, no reversible error was shown by the denial of a request of the defendant that there was no evidence warranting a finding that a failure to give statutory signals was "the proximate cause of the injury."

TORT.   Writ in the Superior Court dated January 17, 1933.

The case was tried before *Baker,* J., and a verdict was returned for the plaintiff in the sum of $3,500.

. The case was argued at the bar in January, 1941, before *Field,* C.J., *Donahue, Cox,* & *Ronan,* JJ., and afterwards was submitted on briefs to all the Justices except *Lummus,* J.

*F. P. Garland,* for the defendant.

*W. H. Taylor* & *D. A. Foley,* for the plaintiff, submitted a brief.

COX, J.   This case comes here after a second trial, the plaintiff's exceptions, taken at the first trial, having been sustained.   See *Copithorn* v. *Boston & Maine Railroad,* 301

Mass. 510. The jury returned a verdict for the plaintiff. It is unnecessary to review the evidence in detail except in so far as it relates to the defendant's exceptions.

1. The automobile that the plaintiff was operating was in collision with the engine of the defendant's train at a public grade crossing in New Hampshire. The plaintiff, in direct examination, testified that in his opinion the speed of the train was thirty to forty miles per hour. On cross-examination he testified that he did not know whether he formed his judgment of the speed at the time he saw the train; that, after the accident, he had not "reasoned" that it was going at that speed although he had testified to that before; that he "could reason that now"; that when he said the train was travelling at that speed that was the result of his reasoning; that he did not make any estimate as to the speed at the time, but afterwards he did "some reasoning about it," and that, as a result, he then said (at the trial) that the speed was thirty to forty miles an hour. Thereupon the defendant asked that the testimony as to speed be struck out and excepted to the refusal of the judge to strike it out. On redirect examination the plaintiff testified that the train was about seventy-five feet from him when he first saw it; that he had probably driven an automobile over two hundred thousand miles; that from what he saw, he was able to give an opinion as to the speed and that it was thirty to forty miles an hour. On recross-examination he testified that he did not think he formed any judgment of anything at the time. In reply to the question whether his answer as to the speed was the "result of reasoning after the accident," he testified, "No, that is more recalling my sight at the time," and that he formed no opinion at the time. In answer to the question, "Afterwards, thinking it over, you reasoned it must have been going thirty to forty miles an hour," he testified, "No, I don't have to reason it out. I make that statement from the way the thing looked to me. I can see it now," but that he did not think he formed any opinion at the time he saw the engine coming that it was going thirty to forty miles an hour.

The defendant concedes that a witness who is not an expert may give his opinion as to the speed of a train, if that opinion is based upon observation. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133, 137.   *Crafts* v. *McCobb*, 303 Mass. 172.   See *Johnston* v. *Bay State Street Railway*, 222 Mass. 583, 585, 586; *Barney* v. *Magenis*, 241 Mass. 268, 272.   But it contends that the opinion of such a witness is not competent if it is the result of reasoning or calculation made after the observation.   We are of opinion that there was no error in the refusal of the judge to strike out the plaintiff's testimony as to the speed of the train.

In *Commonwealth* v. *Sturtivant*, 117 Mass. 122, the court said, at page 133: "The exception to the general rule that witnesses cannot give opinions, is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill or learning; but includes the evidence of common observers, testifying to the results of their observation made at the time in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to a jury."   The defendant contends that the opinion or conclusion of the plaintiff as to the speed, in order to be competent, must have been formed or reached at the very time the observations were made. It is true that in the *Sturtivant* case, in addition to the quotation above, the court, in using the illustration of the panel of a carriage door that was broken by a collision, said, at page 135, that, if the panel itself were introduced in evidence, the jury would be competent to decide what appearances would follow from blows delivered at different angles and points.   But "If it cannot be, the witness who saw it may describe, as well as he can, what he saw, and state the conclusion he formed at the time."   In *Commonwealth* v. *Kennedy*, 170 Mass. 18, 23–24, an apothecary was permitted to testify that "to the best of his knowledge, belief, and recollection," he sold poison to the defendant.   Holmes, J., said, at page 24: "The identity of a third person always is a matter of inference and opinion, but it is an opinion which any one who remembers facts on which to base the inference may give.   *Commonwealth* v. *Williams*, 105 Mass.

62, 67. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133. *Commonwealth* v. *O'Brien*, 134 Mass. 198, 200. See *Commonwealth* v. *Moinehan*, 140 Mass. 463, 464. The only objection to the form of the question was that it opened a loophole for an answer with only an uncertain memory of the sensations and impressions from which the inference was drawn. No attention seems to have been called to matter of form, or to this aspect in particular, and so far as we can judge the witness answered with a sufficiently definite recollection of what he saw to warrant his giving his opinion." In *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560, a witness was permitted to give his opinion as to whether the deceased spoke loud enough for the operator of the elevator to hear her when she asked to be let out at the ninth floor, and the court said, at page 562, that, even though the judgment or estimate necessarily involves more or less of opinion or inference as to familiar objects and well known matters, it was admissible. See *Eldridge* v. *Barton*, 232 Mass. 183, 187; *Morrissey* v. *Connecticut Valley Street Railway*, 233 Mass. 554, 557; *McGrath* v. *Fash*, 244 Mass. 327, 329; *Correira* v. *Boston Motor Tours, Inc.* 270 Mass. 88, 90. In *Crafts* v. *McCobb*, 303 Mass. 172, where a witness was permitted to testify that the appearance of a gap in a hedge bed indicated to him its cause, and was permitted to give that cause, the court said, at page 175: "He was manifestly testifying as to the result of his observations made at the place of the plaintiff's fall and giving a conclusion based on what he there saw. . . . The testimony of the witness to which exception was taken conveyed the impression which the things he saw made upon him." See *Noyes* v. *Noyes*, 224 Mass. 125, 129–130.

We are of opinion that the testimony of a lay witness as to results based upon actual observations is not inadmissible even if the conclusion as to those results is not reached at the actual time of the observation. In the case at bar, no question is raised that the plaintiff did not see the train, and the vividness of his recollection may be found in his statement that he could "see it now." In the circum-

stances of the case, we are of opinion that the jury was warranted in believing that he could, and that where, as here, it could have been found that his testimony as to the speed, instead of being the result of reasoning, was "more recalling my sight at the time," it was competent. Where, as here, such knowledge as the plaintiff had as to speed is based upon an impression received from the exercise of his own senses, to which is added such experience as he had had which could be found to enable him to give an intelligent statement as to the results that followed from that knowledge, we are of opinion that such testimony is not inadmissible where the conclusion of fact is not reached at the very moment when the knowledge is acquired. It is important to know whether the observations of the witness are sufficiently within his memory so that the results that follow therefrom by way of conclusion and inference, whenever made, are reliable. After all, it is not the mere opinion that is thus given by a witness "but a conclusion of fact to which his judgment, observation, and common knowledge has led him in regard to a subject matter which requires no special learning or experiment, but which is within the knowledge of men in general." *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560, 562. *Barney* v. *Magenis,* 241 Mass. 268, 272. See Wigmore on Evidence (3d ed.), §§ 656–659, 1924–1929.

2. The defendant excepted to the refusal of the trial judge to rule that the burden was on the plaintiff to prove that he did not violate the N. H. Pub. Laws (1926) c. 249, § 22, which provided, in effect, that an automobile operator, such as the plaintiff in the case at bar, upon passing a warning sign required by law to be maintained on highways at grade crossings, should reduce the speed of the vehicle so that, within a distance of one hundred feet from the nearest rail of such crossing, such vehicle should not proceed at a greater speed than ten miles per hour. (See *Copithorn* v. *Boston & Maine Railroad,* 301 Mass. 510, 516, 517.) Not only was this request refused, but the judge instructed the jury that the burden of proving a violation of this statute

was upon the defendant. In this there was no error. The defendant relies upon the case of *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268.

That case was an action of tort brought to recover compensation for injuries alleged to have been caused to the plaintiff at a grade crossing through the fault of the defendant. There were two counts in the declaration as submitted to the jury, one at common law for negligence, and one under the special provisions of the statute for failure to give the statutory signals of sounding a whistle and ringing a bell on a locomotive engine before crossing a public way. (G. L. [Ter. Ed.] c. 160, §§ 138, 232.) . One question was whether the plaintiff failed to observe the provisions of G. L. (Ter. Ed.) c. 90, § 15, which provides that every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing. It was held that, as to the common law count, the burden of proof was upon the plaintiff to show that no violation on his part of that statute contributed to his injury. In support of this, the case of *Tazzini* v. *Boston & Maine Railroad,* 277 Mass. 108, was cited. That case was an action at common law and a violation by the plaintiff of said § 15 of c. 90 was also involved. It was held that the burden was on the plaintiff to show that he proceeded cautiously over the crossing, citing *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101. But in the *Fortune* case, the plaintiff relied solely on the count in his declaration containing allegations that the defendant failed to give the signals required by statute. There again the question was involved of the violation by the plaintiff of said § 15 of c. 90. It was held, without citation of authority, that the burden was on the plaintiff to prove that he complied with the provisions of that section. But in the *Klegerman* case it was pointed out, at page 275, that this statement in the *Fortune* case, that the burden of proof of compliance with said § 15 was on the plaintiff, was not necessary to the decision, and that it was an inadvertent *dictum,* not only in that case, but in

others cited, and that it must be disregarded in so far as it related to the count in the declaration based upon the failure of the defendant to give the statutory signals.   In the *Tazzini* case, the case of *Jones* v. *Andover,* 10 Allen, 18, is also referred to, but in *Conroy* v. *Mather,* 217 Mass. 91, the *Jones* case, with others, was considered and not followed.

The *Conroy* case was an action at common law.   One question there was as to the effect of the fact that the automobile, in which the plaintiff was riding when injured, was not duly registered.   In a carefully considered opinion by Sheldon, J., it was held that the trial judge was right in refusing to rule that the burden was on the plaintiff to show that the automobile was registered according to law, and in instructing the jury that the burden was on the defendant to show that it was not so registered.   Many cases were cited, which, it was said, held that it was for the plaintiff to show the lawfulness of his conduct either on the ground that otherwise he fails to show a lawful contract where he sets up a contract, or because it had been considered that the burden, which rests upon a plaintiff who claims compensation for the injurious results of another's negligence, is to show the absence of contributory negligence on his part and involves the necessity of showing that no violation of law by him contributed to the happening of those results.   But the court said, with citation of authorities, that the recent tendency had been rather to restrict than to extend this doctrine, and, with further citation of our own cases, that it had been held that a defendant who, in bar of an action either of contract or of tort, relies upon the unlawful conduct of the plaintiff, must himself set up and affirmatively prove that defence, at least if it has not been set up or admitted by the plaintiff.   The ultimate conclusion was that both upon principle and upon the present weight of authority the judge rightly ruled that the burden of proving illegal conduct of the plaintiff rested on the defendant.   The *Conroy* case is not mentioned in the *Fortune, Tazzini* or *Klegerman* cases.

In *Lincoln* v. *New York, New Haven & Hartford Railroad,* 291 Mass. 116, decided less than two months after the

*Klegerman* case, the action was of tort with counts in the declarations, one at common law for negligence, and one under the statute for failure to give the required signals. The injury occurred at a grade crossing of the railroad with a highway. The violation by the plaintiff of the provisions of said § 15 of c. 90 was involved, and it was said, at page 118, that "The burden of proof was upon the defendant to prove either the contributory negligence of the driver of the automobile, G. L. (Ter. Ed.) c. 231, § 85, or her violation of the statute, G. L. (Ter. Ed.) c. 90, § 15. *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268, 275." It is to be observed that the reference to page 275 is to the portion of the opinion in the *Klegerman* case that deals with the question of the burden of proof under the statutory count, but also where it is said that "It follows that the ruling of law in the order for entry of verdicts under leave reserved, to the effect that the burden of proof of showing that the plaintiff did not violate G. L. (Ter. Ed.) c. 90, § 15, in the common law action was on the plaintiff, was right; but that the ruling that the same burden of proof rested on the plaintiff in the action under G. L. (Ter. Ed.) c. 160, §§ 232, 138, was erroneous." In the *Lincoln* case, however, there is no discussion of any apparent inconsistency in the two opinions, and the *Conroy* case is not mentioned.

It seems that the decision in the *Klegerman* case, in so far as it relates to the burden of proof on the common law count, rests upon nothing more substantial than the remark in the *Tazzini* case, which, in turn, rests upon the bald statement in the *Fortune* case, which was pointed out to be erroneous in the *Klegerman* case. The *Klegerman* case wholly ignores the *Conroy* case and the many cases that have followed it, and we find the *Lincoln* case in sharp and irreconcilable conflict with the *Klegerman* case. If it is suggested that the *Klegerman* case establishes a rule in common law actions applicable only in cases of injuries at grade crossings, we find no justification for any such discrimination. The rule is plainly in conflict with the general rule established after careful consideration in the *Conroy*

case.   The *Klegerman* case has not been followed as to the point now under consideration.   It was pointed out in *Brown* v. *Boston & Maine Railroad*, 302 Mass. 90, 92, that that case did not require a reconsideration of the accuracy of the statement in the *Klegerman* case that, in an action at common law, the burden of proof is upon the plaintiff to show that no illegal act of his contributed to his injury, as the plaintiff in the *Brown* case was barred as matter of law and no question of burden of proof was open.   The *Lincoln* case was cited by way of comparison with the *Klegerman* case.   The rule in the *Conroy* case, however, has been followed repeatedly.   *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 497.   *Graustein* v. *Wyman*, 250 Mass. 290, 297.   *Walsh* v. *Alfred Sears Co.* 270 Mass. 296, 297. *Balian* v. *Ogassin*, 277 Mass. 525, 531.   *Potter* v. *Gilmore*, 282 Mass. 49, 56.   *Brewer* v. *Hayes*, 285 Mass. 144, 145. *Grover* v. *Smead*, 295 Mass. 11, 12.   *Faria* v. *Veras*, 298 Mass. 117, 119.   *Hunt Drug Co.* v. *Hubert*, 298 Mass. 195, 196.   *MacInnis* v. *Morrissey*, 298 Mass. 505, 506.   *Herman* v. *Sladofsky*, 301 Mass. 534, 538 (an interesting illustration).   *Bridges* v. *Hart*, 302 Mass. 239, 242.   *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, 144. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 285.   *Neu* v. *McCarthy*, *ante*, 17, 23–24, *Dunn* v. *Merrill*, *ante*, 174.   See *Dapson* v. *Daly*, 257 Mass. 195, 197; *Broughton* v. *Boston & Maine Railroad*, 290 Mass. 80, 82.

Accordingly, we are of opinion that so much of the opinions in the *Tazzini* and *Klegerman* cases as holds that the burden of proof is on the plaintiff in a common law action to show that no illegal conduct of his contributed to his injury should be overruled, and that there was no error in the case at bar in the denial of the defendant's request as to the burden of proof.

3. Finally, the defendant contends that there was error in the denial of its request that there was no evidence that warranted a finding that the failure to give statutory signals was "the proximate cause of the injury."   The trial was had upon the declaration at common law alleging the general negligence of the defendant and negligence in the operation

of the train. See *Copithorn* v. *Boston & Maine Railroad*, 301 Mass. 510, 511, 519. The jury could have found that the statutory signals were not given. But the plaintiff testified that he saw the flashing red signal light as he went toward the crossing and knew that a train was coming across the highway. The request well might have been given for reasons stated in *Morier* v. *Hines*, 81 N. H. 48, 54–57. See *Welsh* v. *Concord, Maynard & Hudson Street Railway*, 223 Mass. 184, 186; *Anger* v. *Worcester Consolidated Street Railway*, 231 Mass. 163, 165; *Rizzo* v. *Ahern*, 278 Mass. 5, 6, 7; *Byrne* v. *Dunn*, 296 Mass. 184. If, however, the jury believed that the statutory signals were not given, this fact could be considered as bearing upon the general question of the defendant's negligence. See *Lydon* v. *New York, New Haven & Hartford Railroad*, 235 Mass. 469. The plaintiff testified that he stopped his automobile the instant he saw the flashing light, and that if it had not been for the location of this light, he would not have had an accident. But he also testified that when he looked out the window of his automobile he was listening and heard no whistle or bell or sound of any kind. In the unusual circumstances of the case, it cannot be said that the jury was not entitled to consider the evidence that no signals were given.

Furthermore, we are of opinion that there was no reversible error in the refusal of the request in question, and that the case comes within the rule elaborated in *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50. In the case at bar one of the important issues was whether the defendant was negligent. Even if the failure to give the statutory signals was not the proximate cause of the plaintiff's injury, it does not necessarily follow that the failure did not contribute in some degree to his injury. The request presented no issue decisive of the case, and, although the judge might have given it, he was not required to do so. See *Marangian* v. *Apelian*, 286 Mass. 429, 437; *Haggerty* v. *Sullivan*, 301 Mass. 302, 305; *Kurland* v. *Massachusetts Amusement Corp.* 307 Mass. 131, 140; *Lakeville* v. *Cambridge*, 307 Mass. 433, 437.

*Exceptions overruled.*